NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD  SECOLA,  individually  and  on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>APPGRINDERS LLC, a Georgia limited liability company; and DOES 1 – 10, inclusive,<br><br>       Defendants. | Case No. 2:16-at-640<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1.  VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and<br>2.  VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204).<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jarrod Secola ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of himself and a class of others similarly situated consisting of all persons in California who, within the applicable statute of limitations period, purchased subscriptions for any products (such as online editing of PDF files and documents and related products/services) from Appgrinders LLC ("Appgrinders" or ''Defendant").  The class of others similarly situated to Plaintiff is referred to herein as "Class Members."  The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5.  Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l ); (b) charged Plaintiff's and Class Members' credit or debit  cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2); and (c) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).

As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.      As a result of the above, Plaintiff, on behalf of himself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.      This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.      Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.      Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Appgrinders LLC, is a Georgia limited liability company with its principal places of business located at 2044 Hatteras Way, Atlanta, Georgia 30318, and 34 Berry Street, Apt. 3M, Brooklyn, New York 11249.  Defendant operates in California and has done business throughout California at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make,

automatic renewal or continuous service offers to consumers in and throughout California.  Defendant operates a website which markets subscriptions for online editing of PDF files and documents and related products/services.

9.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Appgrinders LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

### California Business Professions Code §§ 17600-17606

11.    On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

i)    Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual

proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

ii)    Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

iii)   Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

13.    Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.    Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.    Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

16.    Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17.    Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business**

18.    Defendant provides, among other things, monthly subscription programs for online editing of PDF files and documents and related products/services. Defendant's services plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant's Terms of Service**

19.    During the Class Period, Defendant's webpage, found at www.pdfbuddy.com contain a section entitled "Terms of Service". **This is a document in which information concerning the recurring nature of Defendant's subscription programs or the manner in which the subscriptions may be canceled is not set forth in clear and conspicuous language, as required by the applicable statutes and as set forth below.**

**Defendant's Terms of Service Fail to Provide Clear and Conspicuous Disclosures As Required by Law.**

20.    Within the Terms of Service, Defendant failed to state in clear and conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols of other marks, in a manner that clearly calls attention to the language) that:

      i)    The subscription or purchasing agreement will continue until the consumer cancels (there is language in capitals stating that the subscription will continue after the free trial period unless canceled, but language concerning recurring charges thereafter is not so prominently displayed);

      ii)    Describes the cancellation policy that applies to the offer;

      iii)    Recurring charges that will be charged to the consumer's Payment Method account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; and

      iv)    The length of the automatic renewal term or that the service is continuous unless the length of tile term is chosen by the consumer.

**Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § l7602(a)(l).**

21.    During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to Consumers in California, including Plaintiff and Class Members.   On the pages on the website where a prospective subscriber is invited to complete a purchase, the pages did not, and do not, contain automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PDFBuddy**

Logged in as katkirshner@hotmail.com  Credits: **1**  Get credits | My account  Logout

🏠 Home    **Credits**    Account

Your plan: **FREE**  Your credits: **1**

Upgrade to the **PRO plan** for **unlimited** PDF editing...

### Monthly Plans

| FREE | PRO |
|---|---|
| $**0**/mo | $**7**.99/mo  **Best Deal** |
| **3 PDFs**/month *<br>1 GB storage | **Unlimited PDFs**<br>25 GB storage |
| Your plan | **Subscribe** |

\* Credits for Free plan redeemed by sharing on social media.     View corporate plans

### Pay-as-you-go Credits

| $**5**.99 | $**12**.99 | $**19**.99 | $**29**.99 |
|---|---|---|---|
| 5 PDFs | 15 PDFs | 30 PDFs | 50 PDFs |
| **Buy credits** | **Buy credits** | **Buy credits** | **Buy credits** |
| Pay with *PayPal* | Pay with *PayPal* | Pay with *PayPal* | Pay with *PayPal* |

Pay with any major credit card. PayPal also accepted for pay-as-you-go purchases.

VISA  AMERICAN EXPRESS  DISCOVER   Powered by **PayPal**

CLASS ACTION COMPLAINT

22.    As a result, prior to charging Plaintiff and Class Members, Defendant failed, and continues to fail, to obtain Plaintiff's and Class Members' affirmative consent to language containing the automatic renewal offer terms or continuous service offer terms.

23.    Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all goods, wares, merchandise, or products, sent to Plaintiff

and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

24.    Furthermore, and in addition to the above, after Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members a document entitled "Your PDF Buddy receipt", but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).   Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment.

Date: Thu, ██████████████
From: receipts+bCKXcbc5nqBWKTRW9569@stripe.com
To: ████████████████
Subject: Your PDF Buddy receipt ███████████

**$7.99 at PDF Buddy**

VISA ████

| Description | Price |
|---|---|
| Subscription to Pro | $7.99 |
| Total | $7.99 |
| **Paid** | **$7.99** |

You can contact us with any questions by emailing
support@pdfbuddy.com

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

"**All persons within California that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a)**

**from Appgrinders LLC, its predecessors, or its affiliates via the website www.pdfbuddy.com**."

26.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).    This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

27.     [Fed. R. Civ. P. 23(a)(1)]   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.   Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

28.     [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

            i)      Whether Defendant's Terms of Service contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 1760l;

            ii)     Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

            iii)    Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service

without first obtaining the Plaintiff's and Class Members' affirmative consent to the Terms of Service containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

iv)   Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

v)   Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

vi)   Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code§ 17603;

vii)   Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

viii)   Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

ix)   Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

x)   The proper formula(s) for calculating the restitution owed to Class Members.

29.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as

complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

30. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

31. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

33. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

///

///

34.     [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

35.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

36.     Cal. Bus. Prof. Code§ 17602(a)(1) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
>> (l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

37.     Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

38.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

/ / /

39.     Plaintiff, on behalf of himself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

## FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT

## BEFORE THE SUBSCRIPTION IS FULFILLED

## (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

40.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

41.     Cal. Bus. & Prof. Code § 17602(a)(2) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer, s affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

42.     Defendant charged, and continues to charge Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to language containing the automatic renewal offer terms or continuous service offer terms.

43.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

44.     Plaintiff, on behalf of himself and Class Members, requests relief as described below.

/ / /

/ / /

1

### THIRD CAUSE OF ACTION

2

### FAILURE TO PROVIDE ACKNOWLEDGMENT WITH

3

### AUTOMATIC RENEWAL TERMS AND INFORMATION REGARDING

4

### CANCELLATION POLICY

5

### (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

6

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

7       45.     The foregoing paragraphs are alleged herein and are incorporated herein

8   by reference.

9       46.     Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

10

11      (a) It shall be unlawful for any business making an automatic renewal or
continuous service offer to a consumer in this state to do any of the
following:

12

13      (3) Fail to provide an acknowledgment that includes the
automatic renewal or continuous service offer terms,
cancellation policy, and information regarding how to cancel in

14      a manner that is capable of being retained by the consumer. If
the offer includes a free trial, the business shall also disclose in

15      the acknowledgment how to cancel and allow the consumer to
cancel before the consumer pays for the goods or services.

16

17      47.     Cal. Bus. & Prof. Code§ 17602(b) provides:

18      "A business making automatic renewal or continuous service
offers shall provide a toll-free telephone number, electronic

19      mail address, a postal address only when the seller directly bills
the consumer, or another cost-effective, timely, and easy-to-use

20      mechanism for cancellation that shall be described in the
acknowledgment specified in paragraph (3) of subdivision (a)."

21

22      48.     Plaintiff and Class Members purchased Defendant's products for personal,

23   family or household purposes.  Defendant failed to provide an acknowledgement that

24   includes the automatic renewal or continuous service offer terms, cancellation policy,

25   and information on how to cancel in a manner that is capable of being retained by

26   Plaintiff and Class Members.

27   / / /

28

49.     As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

50.     Plaintiff, on behalf of himself and Class Members, requests relief as described below.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

## (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

51.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

52.     Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

53.     Since December 1, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602(a)(3).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision.  *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

54.     As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class

Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

55.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

56.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

57.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly-situated Class Members.  Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a financial burden in pursuing this action in the public interest.  An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

58.    Plaintiff, on behalf of himself and Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.    That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B.    That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual

1   proximity to the request for consent to the offer before the subscription or purchasing

2   agreement was fulfilled;

3       C.      That the Court find and declare that Defendant has violated Cal. Bus. &

4   Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method

5   without first obtaining their affirmative consent to language containing automatic

6   renewal offer· terms or continuous service terms;

7       D.      That the Court find and declare that Defendant has violated Cal. Bus. &

8   Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the

9   automatic renewal or continuous service offer terms, cancellation policy and

10  information on how to cancel in a manner that is capable of being retained by Plaintiff

11  and Class Members;

12      E.      That the Court find and declare that Defendant has violated Cal. Bus. &

13  Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-

14  free telephone number, electronic mail address, a postal address only when the seller

15  directly bills the consumer, or another cost-effective, timely, and easy-to-use

16  mechanism for cancellation;

17      F.      That the Court find and declare that Defendant has violated the UCL and

18  committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code §

19  17602.

20      G.      That the Court award to Plaintiff and Class Members damages and full

21  restitution in the amount of the subscription payments made by them pursuant to Cal.

22  Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

23      H.      That Defendant be ordered to pay restitution to Plaintiff and the Class due

24  to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in

25  the amount of their subscription agreement payments;

26      I.      That the Court find that Plaintiff and Class Members are entitled to

27  injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

28  / / /

1    J.    That Plaintiff and the Class be awarded reasonable attorneys' fees and

2    costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable

3    law; and

4    K.    That the Court award such other and further relief as this Court may deem

5    appropriate.

6

7    Dated:  May 27, 2016                    NEWPORT TRIAL GROUP, APC

8

9                                           By:  /s/ Scott J. Ferrell
                                                Scott. J. Ferrell
10                                              Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT